15-1178-pr
*Dimperio v. NY State Dep't of Corr. & Cmty. Supervision*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand sixteen.

PRESENT:  RICHARD C. WESLEY,
            DEBRA ANN LIVINGSTON,
            DENNY CHIN,
                        *Circuit Judges.*

_____

CARL A. DIMPERIO, JR.,

                        *Plaintiff-Appellant,*

        -v.-                                No. 15-1178

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION,

                        *Defendant-Appellee,*

BRIAN FISCHER, Commissioner,

*Defendant.*

_____

FOR APPELLANT:     CARL A. DIMPERIO, JR., *pro se*, Liverpool, NY.

 FOR APPELLEE:     LAURA ETLINGER, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the order of the District Court is

**AFFIRMED**.

Appellant Carl A. Dimperio, Jr., proceeding *pro se*, appeals from an order granting summary judgment to Appellee New York State Department of Corrections and Community Supervision ("DOCCS") and dismissing his suit under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, asserting that DOCCS discriminated against him by denying him participation in so-called "shock incarceration"[1] and work release programs. We

_____

[1] These programs "provide rigorous physical activity, intensive regimentation and discipline and rehabilitation therapy and programming." N.Y. CORRECT. LAW § 865[2].

assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review *de novo* a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Where, as here, the party opposing summary judgment bears the burden of proof at trial, summary judgment should be granted if the moving party can "point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).

As an initial matter, DOCCS primarily urges that we affirm the district court's judgment on the alternative ground that Dimperio failed to exhaust his administrative remedies. As DOCCS concedes, however, it failed to raise this as an affirmative defense in its answer. Although we have held that a district court has "discretion to entertain [an affirmative] defense when it is raised in a motion for summary judgment, by construing the motion as one to amend the defendant's answer," *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000), and Dimperio did not object that the defense was not timely raised, neither the magistrate judge nor the district court reached the issue of exhaustion. We

3

therefore decline to determine, in the first instance, either the merits or permissibility of considering the defense.

We conclude, however, that the district court properly determined that Dimperio failed to demonstrate a prima facie case of ADA discrimination. To have done so, Dimperio was required to demonstrate that he was a "qualified individual with a disability"—*i.e.*, "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility requirements for . . . participation in programs or activities provided by a public entity." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 186 (2d Cir. 2015) (quoting 42 U.S.C. § 12131(2)). The plaintiff "bears the burdens of both production and persuasion as to the existence of some accommodation that would allow the plaintiff to meet the essential requirements of the service, program, or activity at issue." *Id.* at 190.

Dimperio failed to present evidence of the existence of a reasonable accommodation to the programs in question. He asserted only that DOCCS was obligated under state law to create an "alternative-to-shock-incarceration program" for inmates whom a court orders to participate in shock incarceration but who require "a degree of medical care or mental health care that cannot be

4

provided at a shock incarceration facility," N.Y. PENAL LAW § 60.04(7)(b).

Dimperio thus did not identify any modification to the standard incarceratory or work release programs to which he sought access. Instead, he sought creation of an individualized, alternative program akin to those created pursuant to § 60.04(7)(b). However, Title II of the ADA requires only the implementation of reasonable modification to existing programs, not the creation of alternative programs. *See Wright v. Giuliani*, 230 F.3d 543, 548 (2d Cir. 2000); *Rodriguez v. City of New York*, 197 F.3d 611, 619 (2d Cir. 1999). Accordingly, Dimperio failed to carry his burden of establishing that a reasonable modification to the shock incarceration or work release programs existed and would have allowed him to otherwise satisfy the essential requirements of those programs.

We have considered Dimperio's remaining arguments and find them to be without merit. For the reasons stated above, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5